The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Edward Garner, Jr. and the briefs on appeal. Both parties waived oral arguments before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the prior Opinion and Award is affirmed and adopted.
 *************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on February 27, 1997 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-Employer.
3. Plaintiff's average weekly wage was sufficient to generate the maximum compensation rate as of 1994, which is $492.00 per week.
4. Plaintiff is alleging an occupational disease that was diagnosed on or about April 3, 1994 resulting in carpal tunnel syndrome to the right hand.
5. Defendant-Employer has denied liability.
6. Plaintiff is seeking temporary total disability benefits from April 21, 1996 through June 10, 1996, and medical expenses. Plaintiff has no permanent partial impairment rating.
7. The issue to be determined by the Commission is whether plaintiff in fact suffers from a compensable occupational disease.
 *************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On September 8, 1975, plaintiff began working for defendant employer as a welder.
2. Plaintiff preformed his duties as a welder for many years and first noticed pain and numbness in his hand during the summer of 1995.
3. During the early part of 1996, plaintiff reported his problems to the company nurse and eventually received medical treatment.
4. After conservative medical treatment, plaintiff underwent surgery on April 22, 1996. After the surgery, plaintiff was out of work from April 21, 1996 through June 10, 1996.
5. After the hearing, the deposition testimony of Dr. William S. Ogden was taken to address the issue of medical causation.
6. In the deposition testimony, Dr. Ogden indicated that the symptoms that plaintiff is having are related to the type of work that he does. Upon further questioning of Dr. Ogden he indicated that if plaintiff had told him that he played golf, he would have probably had told plaintiff that the problem came from playing golf. In essence, Dr. Ogden does not know to a certain degree of medical certainty what caused plaintiff's carpal tunnel syndrome.
7. Plaintiff plays golf and is a very good golfer, and he also owns a car dealership where he works with cars.
8. According to Dr. Ogden, any of plaintiff's activities could have caused his carpal tunnel syndrome condition. Based on physician's testimony, plaintiff has failed to prove by the greater weight of the evidence that his carpal tunnel syndrome has a causal connection with his job with defendant-employer.
 *************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not contract an occupational disease arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-53.
2. Since plaintiff failed to carry the burden of proof in this case, he is not entitled to compensation under the Act. Id.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER